| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Bert Briones (CSBN 237594)<br>Red Hill Law Group<br>15615 Alton Parkway, Suite 210<br>Irvine, CA 92618<br>714-733-4455<br>714-733-4450 FAX<br>bb@redhilllawgroup.com<br><br><br><br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>David Allen Wilson<br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 8:23-bk-10094-SC<br><br>CHAPTER: 7 |
|---|---|
| | **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** |
| | [No hearing required unless requested under LBR 9013-1(o)] |

**Creditor Name:**
Thomas I. McKnew, IV and Lisa A. McKnew, individually and as Trustees of the McKnew Family Trust (May 21, 2004)

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers:**
   Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 4003-2.1.AVOID.LIEN.RP.MOTION**

3. **Type of Case:**

a. ☒ A voluntary petition under Chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on: 01/18/2023

b. ☐ An involuntary petition under Chapter ☐ 7 ☐ 11 was filed on: _____

   ☐ An order of relief under Chapter ☐ 7 ☐ 11 was entered on: _____

c. ☐ An order of conversion to Chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on: _____

d. ☐ Other:

4. **Procedural Status:**

a. ☒ Name of Trustee appointed (*if any*): Richard Marshack

b. ☒ Name of Attorney for Trustee (*if any*): Melissa Davis Lowe

5. Debtor claims an exemption in the subject real property under:

a. ☒ California Code of Civil Procedure § 704.730 (Homestead): Exemption amount claimed on
schedules: $ 678,378.00

b. ☐ California Code of Civil Procedure § _____ Exemption amount claimed on
schedules: $ _____

c. ☐ Other statute (*specify*): _____

6. Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:

a. Date of entry of judgment (*specify*): 04/03/2014
b. Case name (*specify*): McKnew Family Trust dated May 21, 2004 (abbreviated)v. David A. Wilson
c. Name of court: United States Bankruptcy Court - Los Angeles Division
d. Docket number (*specify*): 12-01317
e. Date (*specify*): 08/24/2014 and place (*specify*) Orange County (Official Records)
of recordation of lien
f. Recorder's instrument number (*specify*): 2014000338934

7. The property claimed to be exempt is as follows:

a. Street address, city, county and state, where located, (*specify*):
24352 Santa Clara Avenue, Dana Point, California

b. Legal description (*specify*): _____

_____ ☒ See attached page

8. Debtor acquired the property claimed as exempt on the following date (*specify*): 10/31/1995

9. Debtor alleges that the fair market value of the property claimed exempt is: $ 4,450,000.00

10. The subject property is encumbered with the following liens (*list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion*):

| Name of Lienholder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| JP Morgan Chase | ☐ | 08/20/2007 | $ 1,425,000.00 | $ 4,060,396.27 | 02/01/2023 |
| McKnew Family Trust (abbreviated) | ☒ | 08/24/2014 | $ 3,359,858.05 | $ 3,207,908.88 | 01/18/2023 |
| Richard Lara | ☐ | 09/15/2014 | $ 2,194,463.40 | $ 3,367,311.60 | 01/18/2023 |
| | ☐ | | $ | $ | |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# LEGAL DESCRIPTION

(24352 Santa Clara Avenue, Dana Point, California)

All that real property **situated in the City of Dana Point, the County of Orange, State of California, and is described as follows:**

Lot 6 in Block K of Tract No. 573, in the City of Dana Point, County of Orange, State of California, as shown on a Map thereof recorded in Book 30, Page(s) 29, Miscellaneous Maps, in the office of the County Recorder of said County.

Excepting there from the West 50 feet thereof;

Also excepting that portion lying Southerly of the top of the Bluff line as described in a deed to the County of Orange, recorded

February 21, 1950 in Book 1971, Book 291, and following, Official Records, in the office of the County Recorder of said Orange County.

Except therefrom all water and subsurface water rights, below a depth of 500 feet, without the right of surface entry, as dedicated or reserved in instruments of record.

**ASSESSOR'S PARCEL NUMBER:** 682-071-06

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

    a. ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor  (Exhibit 3)

    b. ☒ Appraisal of the property  (Exhibit 6)

    c. ☒ Documents showing current balance due as to the liens specified in paragraph 11 above (Exhibits 4 and 7)

    d. ☒ Recorded Abstract of Judgment (Exhibit 5)

    e. ☐ Recorded Declaration of Homestead (Homestead Exemption)

    f. ☒ Declaration(s)

    g. ☒ Other (*specify*): Memorandum of Points and Authorities with Exhibits

12. Total number of attached pages of supporting documentation: ___141___

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct [28 U.S.C. § 1746(1) and (2)].

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this motion.

Executed on (date):  June 27, 2023

                                         [see attached signature page]
                                         Signature of Debtor

                                         David Allen Wilson
                                         Printed name of Debtor

Date: _ June 27, 2023 _

                                         [see attached signature page]
                                         Signature of Attorney for Debtor

                                         Bert Briones
                                         Printed name of Attorney for Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*　　　　　　　　　　　　　Page 3　　　　　　　　　　　**F 4003-2.1.AVOID.LIEN.RP.MOTION**

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

   a. ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor  (Exhibit 3)

   b. ☒ Appraisal of the property  (Exhibit 6)

   c. ☒ Documents showing current balance due as to the liens specified in paragraph 11 above (Exhibits 4 and 7)

   d. ☒ Recorded Abstract of Judgment  (Exhibit 5)

   e. ☐ Recorded Declaration of Homestead (Homestead Exemption)

   f. ☒ Declaration(s)

   g. ☒ Other (specify):  Memorandum of Points and Authorities with Exhibits


12. Total number of attached pages of supporting documentation: __141__

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct [28 U.S.C. § 1746(1) and (2)].

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this motion.


Executed on (date): __June 27, 2023__

_____
Signature of Debtor

David Allen Wilson
Printed name of Debtor


Date: __June 27, 2023__

_____
Signature of Attorney for Debtor

Bert Briones
Printed name of Attorney for Debtor


This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                    Page 3                          F 4003-2.1.AVOID.LIEN.RP.MOTION

## ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** Thomas I. McKnew, IV and Lisa A. McKnew, individually and as Trustees of the McKnew Family Trust (May 21, 2004)

2. **Subject Lien:**  Date (*specify*): 08/24/2014 and place of recordation of lien (*specify*): Official Records, Orange County, California

    Recorder's instrument number or document recording number: 2014000338934.

3. **Collateral:**  Street address, legal description and/or map/book/page number, including county of recording:
    _____. ☒ See attached page.

4. **Secured Claim Amount**

    a. Value of Collateral: ……………………………………………………………………………… $4,450,000.00

    b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):

        (1) First lien: ……………………………………………… ($    4,060,396.27)

        (2) Second lien: ………………………………………… ($_____)

        (3) Third lien: …………………………………………… ($_____)

        (4) Additional senior liens (*attach list*): ……………… ($_____)

    c. Amount of Debtor's exemption(s): …………………………… ($    678,378.00)

    d. Subtotal: ……………………………………………………………………………… ($4,738,774.27)

    e. Secured Claim Amount (negative results should be listed as -$0-):     $    0.00

    Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid *pro rata* with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:**  Debtor's request to avoid the Subject Lien is granted as follows.  The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b).  The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                Page 3                      **F 4003-2.1.AVOID.LIEN.RP.ORDER**

# __LEGAL DESCRIPTION__

(24352 Santa Clara Avenue, Dana Point, California)

All that real property **situated in the City of Dana Point, the County of Orange, State of California, and is described as follows:**

Lot 6 in Block K of Tract No. 573, in the City of Dana Point, County of Orange, State of California, as shown on a Map thereof recorded in Book 30, Page(s) 29, Miscellaneous Maps, in the office of the County Recorder of said County.

Excepting there from the West 50 feet thereof;

Also excepting that portion lying Southerly of the top of the Bluff line as described in a deed to the County of Orange, recorded

February 21, 1950 in Book 1971, Book 291, and following, Official Records, in the office of the County Recorder of said Orange County.

Except therefrom all water and subsurface water rights, below a depth of 500 feet, without the right of surface entry, as dedicated or reserved in instruments of record.

**ASSESSOR'S PARCEL NUMBER:** 682-071-06

Bert Briones (SBN 237594)
**RED HILL LAW GROUP**
15615 Alton Parkway, Ste. 210
Irvine, California 92618
Telephone: (888) 733-4455
Facsimile:  (714) 733-4450
bb@redhilllawgroup.com

Attorneys for Debtor,
David Allen Wilson

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:23-bk-10094-SC |
| David Allen Wilson, | Chapter 7 |
| | DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f); AND DECLARATIONS OF DAVID ALLEN WILSON AND TIMOTHY L. THOMPSON IN SUPPORT |
| Debtor. | <u>Hearing</u> |
| | [No hearing required unless requested under LBR 9013-1(o)] |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY COURT

JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, RICHARD MARSHACK,

CHAPTER 7 TRUSTEE, AND ALL INTERESTED PARTIES:

/ / /

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO AVOID LIEN

David Allen Wilson ("Debtor") submits this Memorandum of Points and
Authorities in support of their Motion to Avoid Judgment Lien filed pursuant to 11 U.S.C.
§522(f) ("Motion") as follows:

1.      <u>FACTUAL BACKGROUND</u>

On January 18, 2023, the Debtor filed a voluntary petition under Chapter 7 of Title
11 of the United States Code (the "Petition Date"). Richard Marshack is the duly appointed and
acting Chapter 7 Trustee (the "Trustee").

On January 28, 2023, Debtor filed his Schedules and Statement of Financial
Affairs. As set forth in Schedule A, Debtor has an interest in their residence commonly known as
24352 Santa Clara Avenue, Dana Point, California (the "Property") with a scheduled value of
$4,450,000.  As set forth on Schedule C, Debtor claimed an exemption of $678,378.00 in the
Property pursuant to Cal. Civ. Pro. Code §704.730. No creditors have filed objections to the
claimed homestead exemption.

As of the Petition Date, the consensual lien held against the Property totaled
$4,049,388.34[1]. True and correct copies of Schedule A/B, Schedule C, and Schedule D are
attached to the Declaration of David Allen Wilson ("Wilson Decl.") as Exhibits "1," "2," and "3"
respectively.

On April 3, 2014, Thomas I. McKnew, IV and Lisa A. McKnew, individually and
as Trustees of the McKnew Family Trust dated May 21, 2004., (the "Creditor") obtained a
judgment in the amount of $2,500,000.00 plus $845,270.35 in pre-judgment interest through
February 26, 2014, accruing at $475.45 per day and $14,587.70 for a total as of April 3, 2014 of
$3,359,858.05  (the "Judgment") against David Allen Wilson ("Debtor"). A true and correct copy
of the Judgment is included with Proof of Claim 4 filed with this court on April 24, 2023[2] of
which the relevant pages are  attached to the Wilson Decl. as Exhibit "4." [See Bates  No. pp. 30
to 39]

---

[1] 1st-Deed of Trust held by JPMorganChase (balance from February 1, 2023 Statement was $4,060,396.27)

[2] A duplicate Proof of Claim (Claim number 5) was also filed on April 24, 2023 which debtor reserves his right to object to, if necessary.

Bates page #002

1          On August 21, 2014, creditor Thomas I. McKnew, IV and Lisa A. McKnew,

2   individually and as Trustees of the McKnew Family Trust dated May 21, 2004 created a judgment

3   lien against Property by recording an Abstract of Judgment in the amount of $3,359,858.05 in the

4   Official Records of Orange County as document number 2014000338934, in the amount of

5   3,359,858.05. A true and correct copy of the Abstract of Judgment is attached to the Wilson Decl.

6   as Exhibit "5."  [See Bates  No. pp. 41 to 48]

7

8   2.     LEGAL ARGUMENT

9          A.     Avoidance of Lien Pursuant to §522(f)

10         In bankruptcy, Debtor may avoid a judgment lien that impairs an exemption to

11  which they are entitled.

12              Notwithstanding any waiver of exemptions but subject to
                paragraph (3), the debtor may avoid the fixing of a lien on an
13              interest of the debtor in property to the extent that such lien
                impairs an exemption to which the debtor would have been
14              entitled under subsection (b) of this section, if such lien is— (A)
                a judicial lien, other than a judicial lien that secures a debt of a
15              kind that is specified in section 523 (a)(5)…

16

17  11 U.S.C. § 522(f).

18         The Bankruptcy Code provides Debtor with several ways to exempt property from

19  the estate and thus protect that property from distribution to creditors.  11 U.S.C. §522(d).  States

20  can "opt out" of the federal exemption scheme, denying Debtor the option of taking exemptions

21  under §522(d).  11 U.S.C. §522(b)(2).  In 1984, the California legislature enacted California Civil

22  Procedure Code ("CCP") §§703.130 and 703.140 and opted out of the federal exemption scheme.

23  *See*, *Talmadge v. Duck (In re Talmadge)*, 832 F.2d 1120, 1122 (9th Cir.1987).  "Pursuant to the

24  authority of paragraph (1) of subsection (b) of Section 522 of Title 11 of the United States Code,

25  the exemptions set forth in subsection (d) of Section 522 of Title 11 of the United States Code

26  (Bankruptcy) are not authorized in this state."  CCP §703.130.  Instead, Debtor filing for

27  bankruptcy in California have two state-created sets of exemptions from which to choose: CCP

28  §703.140 or §§704.010 *et seq*.

1    Debtor claimed an exemption in the amount of $678,378 pursuant to CCP

2  §704.730.  *See,* Wilson Decl., Ex. 2. [See Bates page No. 23]  A review of the docket evidences

3  that no objections to the exemption were filed.

4    The Bankruptcy Code defines lien: "The term "lien" means charge against or

5  interest in property to secure payment of a debt or performance of an obligation" 11 U.S.C.

6  §101(37). Creditor's judicial lien on the Property was created by the recording of the Abstract of

7  Judgment on August 21, 2014.  *See,* Wilson Decl., Ex. 5. [See Bates  No. pp. 41 to 48]

8    The CCP and the Bankruptcy Code contain substantially similar definitions of

9  "judicial lien:" "[a] lien obtained by judgment, levy, sequestration, or other legal or equitable

10  process or proceeding."  CCP §1800(4); 11 U.S.C. §101(36).  "Once a judgment is obtained, the

11  judgment creditor may create a judgment lien by recording an abstract of judgment or may choose

12  to levy execution, thereby creating an execution lien.  CCP §§674 and 697.710; *Kahn v. Berman*

13  (1988) 198 Cal.App.3d 1499, 1507, fn. 7, 244 Cal.Rptr. 575.  Creditor's judgment lien on the

14  Property was created by the recording of the Abstract on August 21, 2014.  *See,* Wilson Decl., Ex.

15  5.  [See Bates  No. pp. 41 to 48]

16    In the context of a motion to avoid judgment lien filed pursuant to 11 U.S.C.

17  §522(f), the value of the Property and the liens held against the property are determined as of the

18  Petition Date.  11 U.S.C. §522(a)(2).  *See also, In re Dore*, 124 B.R. 94, 96 (Bankr. S.D. Cal.

19  1991); *In re Salanoa*, 263 B.R 120, 123 (Bankr. S.D. Cal. 2001).  In this case, as of the Petition

20  Date the value of the Property was $1,400,000 as evidenced by an appraisal performed by

21  Timothy L. Thompson (the "Appraisal").  A true and correct copy of the Appraisal is attached to

22  the Declaration of Timothy L. Thompson as Exhibit "6."  [See Bates  No. pp. 50 to 132]

23    The amount of consensual liens against the Property totaled approximately

24  $1,409,982.70 as of the petition date. True and correct copy of the Chase Statement for February

25  1, 2023 is attached to the Wilson Decl. as Exhibit "7" (Bates page 134).

26

27  / / /

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO AVOID LIEN

1      A lien impairs an exemption when the amount of the lien, plus the amount of all

2  other liens on the property, plus the amount the Debtor could claim as exempt if there were no

3  liens on the property, exceeds the value the value Debtor' interest in the property would have in

4  absence of any liens.  11 U.S.C. § 522(f)(2)(A).  *In re Wilson*, 90 F.3d 347, 350 (9th Cir. 1996).

5  Accordingly, the sum of all liens against the Property plus Debtor' claim of exemption equals at

6  least $7,946,683.[3]  This amount exceeds the value of the Property by at least $$3,496,683.00.

7  Thus, the judgment lien can be avoided to the extent that it exceeds $0.00[4], leaving Creditor with

8  a lien against the Property for no more than that amount.  *In re Hanger*, 217 B.R. 592, 594 (9th

9  Cir. BAP 1997). Therefore, the lien here should be avoided in its entirety.

10

11  3.    CONCLUSION

12      For the reasons set forth herein, Debtor respectfully request that the Court find that

13  Creditor's judicial lien impairs their exemption and should be avoided in accordance with 11

14  U.S.C. §522(f) and for such other and further relief as the Court deems proper.

15

16                                          Respectfully submitted,

17   DATED:  June 27, 2023                  RED HILL LAW GROUP

18

19                                          By:  /s/ *Bert Briones*
                                            _____
20                                             BERT BRIONES
                                               Attorneys for Debtor,
21                                             David Allen Wilson

22

23

24

25  _____

26  [3] Calculation is as follows: $4,060,396.27 in consensual liens, $678,378.00 in claimed exemption,  plus the $3,207,908.88
    judgment lien held by Creditor equals $7,946,683.00.

27

28  [4] Calculation is as follows: $4,450,000.00 minus $7,946,683.00 equals less than $0.00

    (-$3,496,683.00), hence $0.00 [amounts less than zero are considered zero in this calculation].

Bates page #005

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO AVOID LIEN

1

## DECLARATION OF DAVID ALLEN WILSON

2    I, David Allen Wilson, declare and state as follows:

3    1.    I am the Debtor in the above-entitled bankruptcy case.  This declaration is

4  based on my personal knowledge.  If called upon to testify, I could and would competently testify

5  to the following.

6    2.    On January 18, 2023, my I filed a voluntary petition under Chapter 7 of

7  Title 11 of the United States Code (the "Petition Date").  Thomas H. Casey was appointed the

8  Chapter 7 Trustee (the "Trustee).

9    3.    On April 11, 2021, our Schedules and Statements of Financial Affairs were

10  filed with the Court.  According to Schedule A/B, my wife and I own our residence commonly

11  known as 24352 Santa Clara Avenue, Dana Point, California (the "Property"). Pursuant to

12  Schedule C, we have claimed an exemption in the amount of $678,378 pursuant to Cal. Civ. Pro.

13  Code §704.730.  Schedule D reflects that the Property had consensual liens as of the petition date

14  in the amount of $4,049,388.34    True and correct copies of Schedule A/B, Schedule C, and

15  Schedule D are attached as Exhibits "1," "2," and "3".  [See Bates  No. pp. 11 to 28]

16    4.    On November 2, 2020, Thomas I. McKnew, IV and Lisa A. McKnew,

17  individually and as Trustees of the McKnew Family Trust dated May 21, 2004, (the "Creditor")

18  obtained a judgment in the amount of $3,359,858.05 (the "Judgment") against me. A true and

19  correct copy of the Judgment is included with Proof of Claim 4 filed with this court on April 24,

20  2023 of which the relevant pages are attached hereto as Exhibit "4." [See Bates No. pp. 30 to 39]

21

22    5.    On August 24, 2014, creditor Thomas I. McKnew, IV and Lisa A.

23  McKnew, individually and as Trustees of the McKnew Family Trust dated May 21, 2004 created

24  a judgment lien against the Property by recording an Abstract of Judgment in the Official Records

25  of Orange County as document number 2014000338934, in the amount of $$3,359,858.05. A true

26  and correct copy of the Abstract of Judgment is attached hereto as Exhibit "5."  [See Bates No.

27  pp. 41 to 48]

28

6

6.      In January 2023, I retained Timothy L. Thompson of Community Appraisal Group to prepare an appraisal of my residence.  The appraisal concluded that the value of the property was $4,450,000 as of January 18, 2023 (the "Appraisal").  A true and correct copy of the Appraisal is attached hereto as Exhibit "6." [See Bates  No. pp. 50 to 132]

7.      The condition of my home did not change from the January 18, 2023 petition date through the January 27, 2023 date that the Appraisal was completed.  Based on my review of the Appraisal and in comparing the Property with the comparable properties in my neighborhood, as listed in Appraisal, I too believe that the Property was worth $4,450,000 as of the petition date.

8.      As of the Petition Date, the amount of consensual liens secured against the Property was approximately $4,049,388.34, or more, but no more than $4,060,396.27. This balance is from on lien held by JP Morgan Chase Bank, National Association.

9.      I do not dispute the balance on the JP Morgan Chase Bank, National Association Statement dated February 21, 2023.  A true and correct copy of the JP Morgan Chase Bank, National Association Statement dated February 21, 2023 is attached as Exhibit "7." [See Bates No. page 134]

10.      I have reviewed the docket which reflects that no objections to exemptions were filed as of June 26, 2023.  A true and correct copy of the docket report as of June 27, 2023 is attached as Exhibit "8." [See Bates  No. pp. 136 to 141]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration is executed on June 27, 2023, at Irvine, California.

[see attached signature page]

_____
DAVID ALLEN WILSON

7
DECLARATION OF DAVID ALLEN WILSON

Bates page #007

6.      In January 2023, I retained Timothy L. Thompson of Community Appraisal Group to prepare an appraisal of my residence.  The appraisal concluded that the value of the property was $4,450,000 as of January 18, 2023 (the "Appraisal").  A true and correct copy of the Appraisal is attached hereto as Exhibit "6." [See Bates  No. pp. 50 to 132]

7.      The condition of my home did not change from the January 18, 2023 petition date through the January 27, 2023 date that the Appraisal was completed.  Based on my review of the Appraisal and in comparing the Property with the comparable properties in my neighborhood, as listed in Appraisal, I too believe that the Property was worth $4,450,000 as of the petition date.

8.      As of the Petition Date, the amount of consensual liens secured against the Property was approximately $4,049,388.34, or more, but no more than $4,060,396.27. This balance is from on lien held by JP Morgan Chase Bank, National Association.

9.      I do not dispute the balance on the JP Morgan Chase Bank, National Association Statement dated February 21, 2023.  A true and correct copy of the JP Morgan Chase Bank, National Association Statement dated February 21, 2023 is attached as Exhibit "7." [See Bates No. page 134]

10.     I have reviewed the docket which reflects that no objections to exemptions were filed as of June 26, 2023.  A true and correct copy of the docket report as of June 27, 2023 is attached as Exhibit "8." [See Bates  No. pp. 136 to 141]

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct, and that this declaration is executed on June 27, 2023, at Irvine, California.

DAVID ALLEN WILSON

DECLARATION OF DAVID ALLEN WILSON

## DECLARATION OF TIMOTHY L. THOMPSON

I, TIMOTHY L. THOMPSON, declare as follows:

1. I am an individual and a state licensed real estate appraiser for Community Appraisal Group. I make this declaration in support of Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. § 522 (f). The facts set forth herein are true of my own personal knowledge, and if called upon to testify thereto, I could and would competently do so under oath.

2. I am the owner of Community Appraisal Group and have over 35 years of experience as a real estate appraiser, in the general Los Angeles and Orange County metropolitan areas, during which I have appraised over 7,000 residential properties. I have served as an expert witness in the United States Bankruptcy Court, Central District of California.

3. Analyzing the values of improved residential real property assets is an integral part of my professional practice. I have analyzed hundreds of properties of this nature throughout the general Orange County area.

4. I prepared the attached appraisal effective January 18, 2023, which lists the value of the single family home commonly known as 24352 Santa Clara Avenue, Dana Point, California, California (the "Property") as $4,450,000.00. In reaching this conclusion, I researched sales comparables in the area and completed a complete summary appraisal. A true and correct copy of the appraisal is attached hereto as Exhibit "6." [See Bates No. pp. 50 to 132]

5. I am familiar with the real estate asset discussed in the January 18, 2023 appraisal. I inspected 24352 Santa Clara Avenue, Dana Point, California on January 18, 2023 and completed the writing appraisal report on January 27, 2023.

6. The value set forth in the appraisal is a "market value." The specific definition of "market value" pursuant to Internal Revenue Service, Publication 561, as set forth in this appraisal is:

*The price that property would sell for on the open market. It is the price that would be agreed on between a willing buyer and a willing seller, with neither being required to act, and both having reasonable knowledge of the relevant facts.*

(Source: Internal Revenue Service, Publication 561)

1    7.    Based on the analysis set forth in the appraisal and my professional

2 experience it is my opinion that the market value of the Property was $4,450,000 as of January 18,

3 2023.

4    I declare under penalty of perjury under the laws of the State of California that the

5 foregoing is true and correct, and that this declaration is executed on June ___, 2023 at Laguna

6 Hills, California.

7

8    [see attached signature page]

9    _____

10    TIMOTHY L. THOMPSON

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TIMOTHY THOMPSON

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

15615 Alton Parkway, Suite 210, Irvine, CA  92618

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/28/2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 06/28/2023  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jing Wang
Kingswood Law PC
1800 E. Lambert Rd., Ste. 215
Brea, CA 92821

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 06/28/2023 | Robin Briones | /s/ Robin Briones |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Electronic Mail Notice List

- Anerio V Altman on behalf of Interested Party Beata E Wilson
  LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- David I Brownstein on behalf of Creditor Vicino Limited Partnership david@brownsteinfirm.com
- Chad L Butler on behalf of Creditor JPMorgan Chase Bank, National Association
  caecf@tblaw.com
- James Andrew Hinds, Jr on behalf of Interested Party The Hinds Law Group, APC
  jhinds@hindslawgroup.com; mduran@hindslawgroup.com
- Melissa Davis Lowe on behalf of Trustee Richard A Marshack (TR) mlowe@shulmanbastian.com,
  avernon@shulmanbastian.com
- Richard A Marshack (TR) pkraus@marshackhays.com, rmarshack@iq7technology.com;
  ecf.alert+Marshack@titlexi.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov
- Michael A Wallin on behalf of Creditor Thomas I. McKnew, IV mwallin@wallinrussell.com

**SERVED BY UNITED STATES MAIL, CERTIFIED MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
*(Attached page to Proof of Service of Document-please include any additional or alternative addresses and attach additional pages if needed)*
*(Certified Mail required for service on a national bank.)*

| 1st lienholder *(name and address)*<br><br>JP Morgan Chase Bank, N.A.<br>1111 Polaris Pkwy<br>Columbus, OH  43240 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☒ FDIC website ☐ Other *(specify)*: | Delivery Method<br>☐ United States mail<br>☒ Certified mail –<br>   Tracking # 9589071052701045787038<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____ |
| --- | --- | --- |
| 1st lienholder *(name)* and Agent for Service of Process *(name and address)*<br><br>Chad L. Butler, Esq.<br>1455 Frazee Rd #820<br>San Diego, CA  92108 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☒ Other *(specify)*:<br><br>Motion For Relief From Stay | Delivery Method<br>☐ United States mail<br>☒ Certified mail –<br>   Tracking # 9589071052701045787045<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____ |
| 1st lienholder *(name)* and Servicing Agent *(name and address)* | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other *(specify)*: | Delivery Method<br>☐ United States mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____ |

| 2nd lienholder *(name and address)*<br><br>McKnew Family Trust<br>MC KNEW THOMAS I IV TR<br>1765 Vistazo St. W<br>Tiburon, CA  94920-1822 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☒ Other *(specify)*:<br><br>Last Known Address | Delivery Method<br>☒ United States mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____ |
| --- | --- | --- |
| 2nd lienholder *(name)* and Agent for Service of Process *(name and address)* | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other *(specify)*: | Delivery Method<br>☐ United States mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____ |
| 2nd lienholder *(name)* and Servicing Agent *(name and address)* | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other *(specify)*: | Delivery Method<br>☐ United States mail<br>☐ Certified mail –<br>   Tracking # _____<br>☐ Overnight mail –<br>   Tracking # _____<br>   Carrier Name: _____ |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| 3rd lienholder (name and address)<br><br>Richard Lara<br>4804 Hampton Road<br>La Canada Flintridge, CA 91011-2610 | Address from:<br>☐ Proof of claim<br>☐ FDIC website ✕<br><br>Last Known Address | Delivery Method<br>☒ United States mail<br>☐ Certified mail –<br>  Tracking # _____<br>☐ Overnight mail –<br>  Tracking # _____<br>  Carrier Name: _____ |
| 3rd lienholder (name) and Agent for<br>Service of Process (name and address)<br><br>Peter Lindborg, Esq.<br>550 N. Brand Blvd. Suite 1830<br>Glendale, CA 91203-1909 | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☒ Other (*specify*):<br><br>CA State Bar website | Delivery Method<br>☒ United States mail<br>☐ Certified mail –<br>  Tracking # _____<br>☐ Overnight mail –<br>  Tracking # _____<br>  Carrier Name: _____ |
| 3rd lienholder (name) and Servicing<br>Agent (name and address) | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other (*specify*): | Delivery Method<br>☐ United States mail<br>☐ Certified mail –<br>  Tracking # _____<br>☐ Overnight mail –<br>  Tracking # _____<br>  Carrier Name: _____ |

| Alternative/additional address<br>(*name and address*) | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other (*specify*): | Delivery Method<br>☐ United States mail<br>☐ Certified mail –<br>  Tracking # _____<br>☐ Overnight mail –<br>  Tracking # _____<br>  Carrier Name: _____ |
| Alternative/additional address<br>(*name and address*) | Address from:<br>☐ Proof of claim ☐ Secretary of State<br>☐ FDIC website ☐ Other (*specify*): | Delivery Method<br>☐ United States mail<br>☐ Certified mail –<br>  Tracking # _____<br>☐ Overnight mail –<br>  Tracking # _____<br>  Carrier Name: _____ |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.